UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARMANE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  22-2964 (UNA) |
| | ) |
| NANCY PELOSI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint.  The application will be granted, and for the reasons discussed below, the complaint will be dismissed.

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

As drafted, plaintiff's complaint runs afoul of Rule 8. In rambling and disjointed fashion, plaintiff alleges violations of multiple amendments to the United States Constitution and federal statutes, and demands billions of dollars in damages for claims that are incomprehensible. Therefore, the Court will dismiss the complaint and this civil action without prejudice. A separate order accompanies this Memorandum Opinion.

DATE: May 10, 2023

/s/
COLLEEN KOLLAR KOTELLY
United States District Judge